# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division.

| | |
|---|---|
| **EARL BARLOW, JR.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**OFFICER NICHOLAS RILEY,**<br><br>    **Defendant.** | Case No. 12-2058 |

## ORDER

Plaintiff Earl Barlow, Jr., brings an excessive force claim under 42 U.S.C. § 1983 against Defendant Nicholas Riley, a correctional officer at Jerome Combs Detention Center (JCDC) in Kankakee, Illinois, alleging that, during an incident in which inmates at JCDC refused to lock up after receiving their meal trays, Defendant kneed Plaintiff hard in the back while cuffing him, causing Plaintiff to suffer intense lower back pain. Before the Court are Defendant's motions *in limine*, filed in anticipation of the trial set to begin May 28, 2013. For the reasons explained below, Defendant's Motion *in Limine* #3 Seeking To Bar Testimony Concerning Plaintiff's Complaints Apart from Excessive Force **(#60)** is **GRANTED IN PART** and **DENIED IN PART,** and Defendant's Motion *in Limine* #6 Seeking To Bar Plaintiff from Offering Medical Opinions or Hearsay Medical Testimony **(#63)** is **GRANTED.**

### Defendant's Motion *in Limine* #3 Seeking To Bar Testimony Concerning Plaintiff's Complaints Apart from Excessive Force (#60)

In addition to his claim of excessive force, Plaintiff's original complaint alleged that jail personnel had restricted his access to the courts and that he had been illegally placed in segregation. Following a merit review, the Court ordered that Plaintiff could proceed on his excessive force claim only.

Defendant Riley filed a motion *in limine* asking the Court to bar any testimony related to allegations that the jail lost Plaintiff's legal materials, that Plaintiff was illegally segregated, and that Plaintiff's access to courts had been restricted on the basis that the evidence is irrelevant.

Plaintiff does not challenge the motion *in limine* as it addresses loss of legal materials or access to court.  However, he responds that barring testimony regarding his illegal segregation would preclude Plaintiff from introducing facts that would disprove one of Defendant Riley's primary justifications for his use of excessive force.  Specifically, Plaintiff contends that, because he had been in segregation immediately before the incident, he could not have conspired with the other inmates.  Plaintiff contends that the evidence would show that Plaintiff had not been involved in the other inmates' planned refusal to "lock up" and he was not an active participant in the other inmates' plan, which is Defendant's justification for using force.  Plaintiff states that "the fact that the Plaintiff had been transferred from segregation minutes before the Defendant's use of excessive force increases the probability that the Plaintiff was not in willful disregard of commands, and was not an active resister" (#71, p. 3), which undermines the reasonableness of Defendant's use of force.

"Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Defendant does not contend that this evidence would be prejudicial or confusing, relying solely on the relevance argument.

Based on the broad definition of relevance, the Court agrees with Plaintiff that evidence related to his placement in segregation and the timing of his release is arguably relevant to the reasonableness of Defendant's use of force.  Accordingly, the Court denies Defendant's motion to bar evidence related to Plaintiff's placement in segregation.  However, Plaintiff is barred from presenting any evidence as to the *illegality* of his placement in segregation.  In addition, the Court grants Defendant's motion to bar testimony regarding loss of Plaintiff's legal materials and restricted access to the courts.

**Defendant's Motion *in Limine* #6 Seeking To Bar Plaintiff from Offering Medical Opinions or Hearsay Medical Testimony (#63)**

Defendant argues that Plaintiff should be barred from testifying about opinions or conclusions regarding his medical conditions, causation, diagnoses, or prognoses because Plaintiff, a lay witness, is not qualified to testify about the nature of any underlying medical condition, its cause, or its permanence. Defendant also contends that Plaintiff should be barred from testifying about what doctors may have told Plaintiff regarding his alleged back pain, causation, diagnosis, or prognosis, and about the policies and procedures of the medical center at the JCDC because that testimony would constitute impermissible hearsay under Federal Rule of Evidence 802.

Plaintiff responds that he should be permitted to testify about his current symptoms and how long he has experienced those symptoms based on his own perceptions. He also contends that medical records recorded at the JCDC should fall under the business records exception of the Federal Rules of Evidence 803(6). Defendant's motion *in limine* does not seek to bar evidence related to medical records from the JCDC's medical center and the Court need not address that issue at this time.

The Court agrees with Defendant that Plaintiff should be barred from providing opinions or conclusions, including his own opinions, about his medical condition. However, this does not prevent Plaintiff from testifying about his own perceptions of his symptoms. Plaintiff is also barred from testifying about what the doctors have told him about his condition. Plaintiff has not objected to Defendant's motion to bar testimony related to the policies and procedures of the medical center at the JCDC, therefore the Court grants Defendant's motion as to that issue.

**Conclusion**

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion *in Limine* #3 Seeking To Bar Testimony Concerning Plaintiff's Complaints Apart from Excessive Force **(#60)**. Plaintiff may testify about his placement in segregation and the timing of his release, but he is barred from presenting any evidence related to the illegality of his placement in segregation, or any evidence about other potential claims including lost legal

materials and restricted access to the courts.  The Court **GRANTS** Defendant's Motion *in Limine* #6 Seeking To Bar Plaintiff from Offering Medical Opinions or Hearsay Medical Testimony **(#63)**.  Plaintiff may not testify as to (1) opinions and conclusions from Plaintiff or others about his medical condition, (2) what doctors have told him about his condition, or (3) the policies and procedures of the medical center at the JCDC.

ENTERED this 24th day of May, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE