# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **EARL BARLOW, JR.,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**OFFICER NICHOLAS RILEY,**<br><br>   **Defendant.** | Case No. 12-2058 |

## ORDER

  Before the Court are Defendant's Motion *in Limine* #4 Seeking To Bar Testimony Concerning Alleged Video Recording of the Incident (#61) and Defendant's Motion for Leave To File an Amended Motion *in Limine* #4 Seeking to Bar Testimony Concerning Housing Unit Video (#77). Defendant seeks to bar "any evidence, testimony, argument, reference, comment, or innuendo concerning any alleged video recording or missing video of the subject incident."

  At issue here is the *absence* of a videotape of the incident. The *existence* of a video recording of the incident would arguably be relevant to Plaintiff's claim against Defendant Riley, but the absence of the videotape would be relevant only if Defendant could be held accountable for that absence. However, as stated in the motion, Nicholas Riley is the only Defendant remaining in this case and he had no authority related to the security system or preserving recordings. Plaintiff does not challenge this statement.

  Here, the only claim against Defendant is that he used excessive force against Plaintiff. The procedures relating to videotaping at the Detention Center and the fact that there is no video recording are not relevant to that claim. Moreover, even if the evidence were marginally relevant, the Court concludes that allowing the parties to present evidence on this issue would present a danger of confusion of issues. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence.")  Accordingly, the Court **GRANTS** Defendant's Motion *in Limine* #4 Seeking To Bar Testimony Concerning Alleged Video Recording of the Incident **(#61)**.  The Court **DENIES AS MOOT** Defendant's Motion for Leave To File an Amended Motion *in Limine* #4 Seeking to Bar Testimony Concerning Housing Unit Video **(#77).**

ENTERED this 24th day of May, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE